UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADNER G.,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07301-TLN-CKD

A # 216-678-424

**RELEASE ORDER**

This matter is before the Court on Petitioner Adner G.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed a response. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondents shall IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on September 29, 2021, without inspection. (ECF No. 8-1 at 6.) He, along with a group of fourteen other foreign nationals, were detained by local authorities after landing on the Florida coast before being transferred to the custody of federal immigration authorities. (*Id.*) The Department of Homeland Security initiated removal proceedings against Petitioner following his arrest. (*Id.* at 8.) He was subsequently[2] released, lived in the community, and worked to support himself and his family. (ECF No. 1 at 10-11.) While living in the United States, Petitioner applied for asylum and Temporary Protected Status. (ECF No. 1 at 11; ECF No. 8-1 at 2.)

On July 26, 2026, Petitioner was arrested by local authorities in Florida for misdemeanor domestic violence battery. (ECF No. 8-2 at 2.) The prosecutor declined to press this charge, and it was dropped four days later. (ECF No. 1 at 32–33; ECF No. 8-2 at 1.) U.S. Immigration and Customs Enforcement lodged an immigration detainer on July 27, 2026, and took custody of Petitioner two days later. (ECF No. 8-1 at 2.) Petitioner was subsequently transferred to the Central Valley Annex Detention Facility. (ECF No. 1.)

On September 10, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (*Id.*) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.* at 25–30.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

---

[2] The precise date Petitioner was released is not stated in either the government's records or in the habeas petition. (ECF Nos. 1, 8.)

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 25–28.) In opposition, Respondents contend Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)"). (ECF No. 8.) However, Respondents acknowledge that binding Ninth and Eleventh Circuit precedent holds to the contrary and concede that "Petitioner may seek a custody redetermination hearing before an immigration judge" while opposing any further relief ordered by the Court. (*Id.* at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued

---

[3] Petitioner also asserts claims for violations of the Fourth Amendment and the Administrative Procedure Act. (ECF No. 1 at 28–29.) Finding relief warranted under his due process claim, the Court declines to address these additional claims in favor of judicial economy.

freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Respondents' sole argument is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). The Ninth Circuit has confirmed that this interpretation of § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("§ 1226(a)"). *Id.* at *3. Accordingly, the Court finds Petitioner is not subject to mandatory detention under § 1225(b)(2), but instead is subject to discretionary detention under § 1226(a). Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's decision to detain him. Second, the risk that Petitioner is being erroneously deprived of his liberty is high given that Respondents do not argue he is a danger[4] or a flight risk, and he has

---

[4] Respondents develop no meaningful argument that Petitioner's arrest for misdemeanor domestic violence battery indicates he is a danger. (*See generally* ECF No. 8.) Additionally, the prosecutor declined the charge. *Cf. Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021 at *2 (E.D. Cal. Feb. 2, 2026) (applying canon of constitutional avoidance to construe 8 U.S.C. § 1226(c) "to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed . . . or where an individual has been acquitted"). Petitioner's arrest therefore does not change the Court's conclusion that the risk of erroneous deprivation is high.

received virtually no procedural safeguards to ensure his detention is justified. Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The Court notes that Respondents put forth no substantive argument on the process due to Petitioner.

Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) The Court further ORDERS as follows:

1. Respondents must IMMEDIATELY RELEASE Petitioner Adner G. A# 216-678-424 from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Application to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

4. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

5. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

6. **The Clerk of Court is directed to serve Central Valley Annex Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE